IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curtis Jerome Brown, Sr. a/k/a Curtis J. Brown, Sr. a/k/a Curtis Jerome Brown, #238979, | ) C/A No.: 2:14-cv-4340-DCN-MGB )  ) ) **REPORT AND RECOMMENDATION** |
| Petitioner, | ) ) |
| v. | ) ) |
| United States of America and U.S. Probation Office, | ) ) ) |
| Respondents. | ) ) ) |

Petitioner Curtis Jerome Brown, Sr. ("Petitioner" or "Brown"), proceeding pro se, brings this matter seeking to be "release[d] without delay." (Dkt. No. 1 at 1 of 2.) Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned recommends that the instant action be summarily dismissed, without prejudice and without issuance and service of process, for the reasons stated below.

## PRO SE AND IN FORMA PAUPERIS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). Section 1915 allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious,"

"fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke, 490 U.S. 319.

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal. The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Petitioner is currently incarcerated at MacDougall Correctional Institution of the South Carolina Department of Corrections ("SCDC"). He alleges that he "is being held unlawfully and against [his] will going on 20 years." (Dkt. No. 1 at 1 of 2.) Petitioner asserts that he is "totally innocent" and referencing Civil Action Number 2:96-cv-3223-DCN, appears to assert that he was "unlawfully restrained" and searched. (Id.) Petitioner styled the instant action as a mandamus action; he seeks "release without delay." (Id.)

The instant action should be summarily dismissed. A writ of mandamus is a drastic remedy to be used only in extraordinary circumstances. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). A petitioner must demonstrate the following:

> (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances.

Cherrix v. Braxton (In re Braxton), 258 F.3d 250, 261 (4th Cir. 2001) (quoting U.S. ex rel. Rahman v. Oncology Assocs., P.C., 198 F.3d 502, 511 (4th Cir. 1999)); see also First Fed. Sav. & Loan Ass'n v. Baker (In re First Fed. Sav. & Loan Ass'n), 860 F.2d 135, 138 (4th Cir. 1988). A writ of mandamus may not be used as a substitute for appeal. In re Catawba Indian Tribe of S.C., 973 F.2d 1133, 1135-36 (4th Cir. 1992).

As noted above, Petitioner is currently incarcerated at MacDougall Correctional Institution of the SCDC. In June of 1996, Petitioner was indicted by the Charleston County Grand Jury for criminal sexual conduct ("CSC") in the first degree, armed robbery, and kidnapping. See Dkt. No. 22-5 in Brown v. Warden, Civ. A. No. 8:07-3059-DCN-BHH (D.S.C.). Upon his conviction on all charges, Petitioner was sentenced to thirty years for the CSC, ten years concurrent for the armed robbery, and thirty years consecutive for the kidnapping. See R. at 1-204 in Brown v. Warden, Civ. A. No. 8:07-3059-DCN-BHH (D.S.C.).

Petitioner names The United States of America and The United States Probation Office as Respondents. He is not, however, in federal custody–he is in state custody.

Petitioner has not shown, *inter alia*, that he has a clear right to the relief sought, or that Respondents have a clear duty to perform the act requested by Petitioner. In addition, the relief requested by Petitioner is not available herein. His petition should therefore be denied. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); In re Johnson, 166 F.3d 1209 (4th Cir. 1998) (unpublished table decision) (denying petition for writ of mandamus requesting that the United States Court of Appeals for the Fourth Circuit "order the state sentencing court to vacate his conviction and order his immediate release from state custody" because the petitioner failed to "establish that he has a clear right to the relief sought and that no other remedy is adequate"); In re Miller, 989 F.2d 494 (4th Cir. 1993) (unpublished table decision) (denying the federal prisoner's mandamus petition seeking immediate release from federal custody because, *inter alia*, the petitioner "can seek his release from custody by filing a motion under 28 U.S.C. § 2255 (1988) to vacate his sentence"); In re Razzoli, 161 F. App'x 203, 205 (3d Cir. 2006) (noting that the relief requested by the petitioner–a writ of mandamus ordering his immediate release from prison–"is not available to him through his petition for a writ of mandamus"); In re Taylor, No. 04-5455, 2005 WL 583125, at *1 (D.C. Cir. Mar. 11, 2005) ("To the extent petitioner is seeking immediate release from custody, mandamus is not the appropriate vehicle for that relief.").

**RECOMMENDATION**

For the foregoing reasons, the instant action should be summarily dismissed, without prejudice and without issuance and service of process. Petitioner's attention is directed to the important notice on the next page.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

January 20, 2015
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).